*Kunkel, for defendant.*

----

*Court of Common Pleas, Dauphin County, June 2d, 1862.*

THE COMMONWEALTH OF PENNSYLVANIA *v.* TOMS ET AL.

The sureties on a register's bond conditioned for the faithful performance of his duties, and that he will pay over all money received for the commonwealth, are not responsible for his failure to pay to the State sums received by him as collateral inheritance tax, when the duty of collecting it had been imposed upon him by another statute, and a different form of bond prescribed. Bail cannot be held by the letter when the case does not come within the spirit of their bonds.

BY THE COURT.—The facts presented in this case raise a single legal question: Are the sureties in a register's bond, given under section 1 of the act of 15th of March, 1832, responsible for the failure of that officer to pay over the amount of collateral inheritance tax collected by him?

By the act referred to, the register of wills in each county is required to give bond with one or more sureties in one-half the amount exacted from the sheriff of the proper county, to be approved by two judges of the Court of Common Pleas, and the governor, "conditioned for the faithful execution of the duties of his office, and well and truly to account for and pay according to

law all moneys received by him for the use of the commonwealth," etc. At the time this act was passed, the register of wills had no authority by law to receive the collateral inheritance tax; that duty devolved on the county treasurers, tax collectors, etc., under the act of 7th of April, 1826, which continued in force, under various modifications, until March 22d, 1841, when it was imposed upon the respective registers, who were required by section 4 of the act, "to give bond to the commonwealth in such penal sum as the Orphans' Court of the county may direct, with two sufficient sureties, for the faithful performance of the duty hereby imposed, and for the regular accounting and paying over of the amounts to be collected and received," which bond, after its approval, was to be forwarded by the said Orphans' Court to the auditor-general. Although new remedies are provided for assessing and collecting this tax by the register by the act of 10th of April, 1849, yet no new bond is prescribed, it appearing pretty manifest that section 4 of the act of 1841 was still in force, and the bond therein required being quite sufficient to cover all the new duties enjoined, which made no substantial variance as to collecting and paying over the tax. Hence we find the compilers of our statutes carrying on this section as though it was part of the new act (Purd. Dig. 140, 706). Although at the time the act was passed under which the bond now in suit was given, the register of wills could not lawfully receive the collateral inheritance tax, yet that duty might have been imposed upon him at any time, and the money thus collected would have been covered by the words of his bond, and the sureties therein held liable. Yet when the law which conferred the power and imposed the duty of collecting the tax, also prescribed the giving of a bond to cover the amount, the sureties in the general bond would have no reason to suppose that they were to be held responsible for the performance of this new duty, but would have a right to believe that the commission could be withheld until the officer had given both the bonds required by law. Two distinct obligations are directed to be taken; the one in a fixed sum, half the amount of the sheriff's bond prescribed by law, the other in such amount as the Orphans' Court shall direct; the one to be approved by the judges of the Court of Common Pleas and the governor, the other by the Orphans' Court alone; the one to be acknowledged by the parties before a magistrate of the proper county, recorded in the office for the recording of deeds, and transmitted to the secretary of the commonwealth; the other to be sent to the auditor-general by the Orphans' Court which took it. Therefore, the bonds are different throughout in every particular, and although this tax is "money received for the use of the commonwealth," and therefore comes within the letter of the bond given, yet it does not come within the spirit and intention,

as the sureties in this obligation had a right to believe the register would give an additional bond as required by law, to cover the collateral inheritance tax. It has often been declared that bail cannot be held beyond the *letter* of their contract, and we are of the opinion that they cannot be held *by the letter*, when it does not come within the spirit and intention of their bond.

The obligation in suit not being intended or designed by law to cover the collateral inheritance tax, the sureties therein are not responsible for its collection and payment into the State treasury by the register, but the commonwealth must look to the bond given to secure the performance of that duty; and if none was given or exacted, it is the fault of the State officers, and furnishes no reason for holding the defendants answerable beyond the intention of their undertaking. We hold that the register's sureties in the present case are only responsible for the other moneys in arrear by that officer, and therefore give judgment in favor of the commonwealth in the case stated, for $88.75, with interest thereon, from 9th of April, 1861, making in all the sum of $94.73, and costs of suit.

AFFIRMED BY THE SUPREME COURT (9 Wright, 408).

*Meredith, for plaintiff.*

*Miller and Sharp, for defendant.*